**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DAVID BOTT, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv367 AS |
| | ) | |
| CECIL K. DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

*OPINION AND ORDER*

Petitioner David Bott, an inmate confined at the Indiana State Prison in Michigan City, Indiana, filed a petition pursuant to 28 U.S.C. §2254. The response filed by the Attorney General of Indiana advised the petitioner, pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), of the consequences of failing to respond to the response to order, and the petitioner filed a traverse which this court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. He has been the subject of a prisoner disciplinary hearing entitled cause number CIC 04-10-0082. The disciplinary hearing board imposed as sanction deprivation of 120 days of earned credit time, demotion from credit class I to class II, and a written reprimand.

The Fourteenth Amendment's due process clause provides state prisoners a liberty interest in good time credits, and they cannot be deprived of good time credits without due process. *Wolff v. McDonnell*, 418 U.S. 539 (1974)*; see also Sandin v. Conner*, 515 U.S. 472 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the

duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. at 563-67, and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

On October 6, 2004, the petitioner received a visit from April Wilhelm. Correctional Officers observed Wilhelm take items from her mouth and put them in a chip bag. Bott then took the items from the chip bag and put them in his mouth. Officers also observed Wilhelm spit an item into a trashcan that proved to be a balloon containing two buSpar pills. Officers searched Bott but found nothing. They also took him to Wishard Hospital to be x-rayed. Other officers interviewed Wilhelm, who admitted to trafficking. This incident was also captured on videotape.

Prison officials charged the petitioner with trafficking, and on October 18, 2004, a disciplinary board found him guilty. He appealed the determination of guilt, and the final reviewing authority remanded the case for a rehearing in order for a new board to review the videotape and summary of the incident.

Prior to the rehearing, the petitioner told the screening officer that he did not wish to call any witnesses, but did request the x-ray report, the videotape of the incident, and the statement from his visitor. The screening officer checked on the status of the x-ray, and noted on the screening report that "Judy Stone states - X-rays [were the] property of Wishard" Hospital, and were therefore not available at the facility.

In *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003), the United States Court of Appeals for the Seventh Circuit held that the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), "requiring the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings." The *Brady* rule has two functions in the prison disciplinary context; to ensure that the disciplinary board considers all relevant evidence and to enable the prisoner to present his best defense.

The petitioner alleges that the CAB denied him exculpatory evidence. He asserts that "the x-ray photographs revealed that he did not swallow any contraband and are the quintessential example of material, exculpatory evidence as defined by *Brady*." (Traverse at p. 2).

The respondent appears to argue that even if the x-rays were negative, that would not conclusively prove that Bott did not engage in trafficking. That is true, but if the tape was negative, it would constitute exculpatory evidence — though not conclusive evidence of innocence — and *Wolff v. McDonnell* gives Bott the right to request that the disciplinary board consider exculpatory evidence. The question before the court is whether prison officials gave a sufficient reason for the disciplinary board not to review copies of this potentially exculpatory evidence.

3

The screening officer looked into Bott's request, and found that x-rays were the property of Wishard Hospital and the prison did not have copies of them. This court is very sensitive to the values in *Piggie v. Cotton* and *Forbes v. Trigg,* 976 F.2d 308 (7th Cir. 1992). *See also Billops v. Wright*, 803 F.Supp. 1439 (N.D.Ind. 1992). In *Forbes v. Trigg*, the United States Court of Appeals for the Seventh Circuit held that the Indiana Department of Correction's policy allowing staff and inmate witnesses to refuse to testify, without explanation from the disciplinary board, violated the Fourteenth Amendment's due process clause. In the context of exhibits, the Seventh Circuit has held that prison officials must allow a prisoner to request that the board review videotapes of the incident he is charged with if such tapes exist at the prison and the State does not have a valid reason for excluding the tape. *Piggie v. Cotton*, 344 F.3d 679-80.

Based on *Forbes* and *Piggie*, if the x-rays were available at the facility, this court believes that due process would require the disciplinary board to consider them unless there was a security reason not to. But this court does not read *Forbes* and *Piggie* as requiring prison officials to obtain evidentiary materials not present at the prison. *Forbes v. Trigg* dealt with staff or inmate witnesses who were at the facility; it does not, however, require prison officials to hunt down inmates who have been released from custody or prison employees who no longer work for the Department of Correction. *Piggie v. Cotton* dealt with videotapes made by prison officials and stored at the facility; it does not, however, require prison officials to hunt down a videotape made by a visitor that might be exculpatory.

In determining that the x-rays were not generated at the facility and were not available at the facility, prison officials provided a valid reason for not considering them at Bott's

hearing. Moreover, while the actual x-rays were not available for the disciplinary board to review, Bott apparently was able to assert to the board, without contradiction from prison officials, that the x-rays were negative.

Once the petitioner has received the procedural protections set forth in *Wolff v. McDonnell*, the court's review is limited to whether there is "some evidence" to support the CAB's findings. *Superintendent v. Hill*, 472 U.S. at 454-55; *Hamilton v. O'Leary*, 976 F.2d 341, 344-45 (7th Cir. 1992). Even though the x-rays may have been negative, the disciplinary board had more than sufficient evidence to satisfy the "some evidence" standard of *Superintendent v. Hill*. The board relied on the statements of the observing officers, the videotape of the incident, and the statement of Wilhelm, Bott's visitor, that she had trafficked drugs to Bott.

For the foregoing reasons, the court the court **DENIES** this petition.

**IT IS SO ORDERED**.

**DATED: July  14 , 2006**

                                              **S/ ALLEN SHARP**
                                              **ALLEN SHARP, JUDGE**
                                              **UNITED STATES DISTRICT COURT**

CC:   Bott
      IAG